## HENRY *v.* HARRELL.

### Opinion delivered May 6, 1893.

*Fraud—Taking mortgage for more than due.*

Taking a mortgage for a larger sum than is due from a person known to be insolvent, raises a presumption of fraud which will prevail, in the absence of explanation.

Appeal from Calhoun Circuit Court in Chancery.

CHARLES W. SMITH, Judge.

*B. W. Johnson* for appellants.

1. The evidence, facts and surroundings, and the relations of the parties, all go to prove the trust deed a fraud and intended to defeat creditors. 38 Ark. 419; 7 Ala. 690.

2. But for this deed the property could be subjected to sale under execution, and hence it should be set aside. 31 Ark. 554; 23 *id.* 258; 9 Ga. 327; 4 Kent. (8th ed.), 464; 4 Ver. 405; 7 Peters, 389.

*Thornton & Smead* for appellees.

1. The mere fact that the mortgagor, beneficiary and trustee were near relatives is not evidence of fraud. 18 Ark. 141; 17 *id.* 151.

2. Nor is the fact that the debt mentioned in the mortgage is larger than that actually due a badge of fraud, when the mortgage secures future advances.' Jones on Ch. Mortg. secs. 92, 94; 46 Ark. 70; 32 *id*. 598.

3. It is not necessary that the amount of the debt be definitely stated, or evidenced by note. If the description of the debt is sufficient to put one on inquiry, it is not void. 22 Ark. 137; 46 *id*. 70; Jones, Ch. Mortg. 86.

4. Fraud must be proved. Mere suspicious circumstances leading to no certain results are not proof. 11 Ark. 378; 20 *id*. 217; 31 *id*. 554; 38 *id*. 419. The burden is on the party charging fraud. 45 Ark. 492; 37 *id*. 146; Gr. on Ev. sec. 34–80.

5. Fraud in the grantor is not enough; there must be participation by the mortgagee. 18 Ark. 123; 23 *id*. 264; 49 *id*. 20; Wait, Fr. Conv. sec. 199.

6. The property exempt by law and the separate property of Mrs. Harrell, could not be reached by creditors of Harrell, and as to these the mortgage was not fraudulent. 52 Ark. 101; *ib*. 547; 53 *id*. 193; 43 *id*. 434.

7. There is nothing to indicate fraud in the fact that the trustee only resorted to that portion of the property of Harrell that was not exempt. This was a right the law gave him, and Harrell had a right to demand it: 39 Ark. 576; 31 *id*. 203.

BATTLE, J. On the 25th of February, 1886, Thomas W. Harrell and Martha V. Harrell, his wife, conveyed all his property, both real and personal, and a large portion, if not all, of his wife's, and the crops of corn and cotton raised by them in the years 1886 and 1887, to B. H. Wood, in trust to secure the payment of their alleged indebtedness to J. B. Wood, as evidenced by the promissory note executed by them to the said J. B. Wood for $4000, bearing even date with the deed, and payable on the first day of January, 1888. On the 20th

of July, 1886, John Henry & Co. and others commenced an action in the Calhoun circuit court, in chancery, against Thomas W. and Martha V. Harrell, J. B. Wood and others, to set aside the deed of trust. They alleged that the firm of J. D. Harrell & Co., of which Thomas W. was a member, was indebted to them, and had so concealed or disposed of its property as to leave nothing out of which they could collect their debts ; that the deed of trust was executed for the purpose of defrauding the creditors of Thomas W. ; that the alleged indebtedness secured by the same was fictitious ; and that Wood, the beneficiary, had full knowledge of the fraud, and participated in the fraudulent design. The defendants, Thomas W., Martha V. and J. B. Wood, answered and denied that the deed was executed for a fraudulent purpose. Afterwards, Thomas W. demurred to the complaint in the action, and the plaintiffs confessed the demurrer, and asked leave to amend which was granted, but without amending all parties went to trial upon the evidence, and the court, finding no fraud, rendered a decree in favor of the defendant ; and plaintiffs appealed.

At the time the deed of trust was executed, Thomas W. and his wife were small farmers, raising from 20 to 25 bales of cotton in a year, besides corn and other produce, on their farms in Calhoun county. Thomas W. was indebted to J. B. Wood in the sum of $19 or $20, and Wood advanced to him and his wife $400. To cover these amounts and advances which they now say, but did not state in the deed or note, was to be made to them during the years 1886 and 1887, the note for $4000 was executed. At this time the firm of J. D. Harrell & Co., of which Thomas W. was a member, was much involved in debt ; its creditors threatened to attach its property ; and it soon after failed in business. It was indebted to appellants as alleged in their complaint. Thomas W. and J. B. Wood knew of the financial embarrassment of

the firm. Under these circumstances the deed of. trust was executed. The trustee and beneficiary named in the deed were brothers-in-law of Thomas W.; and all the property mentioned in it, exclusive of the corn and cotton crops, were estimated by a disinterested witness at $2700 and by Harrell, one of the grantors, at $1995 or $2495. After the execution of it, J. B. Wood only advanced to Harrell and his wife, the grantors, about $280, making the amount actually represented by the note for $4000 about $700; and he permitted the grantors, without objection, to dispose of the cotton made by them in 1886 and 1887 and appropriate the proceeds of the same to their own use.

When the deed of trust was executed, J. B. Wood evidently knew of the financial condition of the firm of J. D. Harrell & Co., and that Thomas W. was a member of it. It was alleged in the complaint that he was such member, and that the firm was at this time in failing circumstances, and this fact was well known to Wood. Wood did not deny these allegations in his answer, but, in his deposition, testified that it was at this time closing out its business or would do so in the first of the year 1888. He made no effort in his answer or in the evidence to show that he was ignorant of these facts. While in this embarrassed condition he permitted Thomas W., a member of it, to mortgage to him, by the deed of trust, all his property and the crops he would make in 1886 and 1887 to secure a note for $4000, when he only owed to him $19 or $20, and he, Wood, advanced to Harris and his wife $400, and the property mortgaged, exclusive of the crops, was worth at the lowest estimate $1995. It is obvious that the effect of the mortgage, if enforced, would be to defeat or delay the creditors of the mortgagor in the collection of their debts. Both Wood and Harrell certainly foresaw and knew, and are presumed to have intended, the con-

sequences. Executing and taking the mortgage, and the mortgagor thereby attempting to convey all his property and the corn and cotton he expected to make in the two years following, to secure an amount largely in excess of what he owed, when he was embarrassed by debt, and the mortgagee had notice or knowledge of his financial condition, are strong evidence of a fraudulent purpose of the mortgagor to cheat or delay his creditors in the collection of their debts, and of the participation of the mortgagee in the design. Unless satisfactorily explained, the presumption is the deed of trust was fraudulent; and it is incumbent on the mortgagee, if he can, to explain these facts and remove the presumption of fraud. *Carson* v. *Byers*, 67 Iowa, 606; Jones on Chattel Mortgages (3d ed.), sec. 339, and cases cited. He has failed to do so, and the deed must be treated as fraudulent.

But it is said that Mrs. Harrell purchased, at a sale by the trustee, a part of the husband's property which was mortgaged, and paid for the same with her own money. She may have done so. If she did, she purchased at a sale made during the pendency of this action, to which she was a party, and had notice of the fraud in the deed of trust, and is not, therefore, an innocent purchaser, and cannot hold the property under her purchase against the creditors seeking in this action to subject it to the payment of their debts.

The deed of trust, as to so much of the property of Thomas W. Harrell as is subject to execution, should be set aside, and in other respects should be permitted to remain in force. The decree of the court below, to the extent it is inconsistent with what we have said, is hereby set aside, and the cause is remanded with instructions to the court to enter a decree in accordance with this opinion, and for other proceedings.

Bunn, C. J., did not participate in the decision of this case.